UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VINCENT CARAVELLA,

                     Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
----------------------------------------------------------X

**OPINION AND ORDER**
14-cv-3612 (SJF)

FILED
CLERK
3:10 pm, Sep 26, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**FEUERSTEIN, District Judge:**

*Pro se* Plaintiff Vincent Caravella ("Plaintiff" or "Caravella") commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant" or the "Commissioner"), denying Plaintiff's request for a waiver of a demanded overpayment. *See* Docket Entry ("DE") [1]. Presently before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which Plaintiff opposes. DE [15], [16]. For the reasons set forth herein, Defendant's motion is granted.

**I.   BACKGROUND**

    **A.  Prior Proceedings**

        1.  Plaintiff's Disability and Initial Benefits Award

Plaintiff alleges that he became entitled to receive disability benefits on February 2, 2001 because of "Polyneuropathy and suspected Rhabdomyolysis, due to an adverse reaction to the prescription drug Baycol, which was subsequently taken off the market." Compl., DE [1], ¶¶ 5-6. Accordingly, on January 7, 2002, Plaintiff applied for disability insurance benefits with the United States Social Security Administration ("SSA"). *See* Declaration of Roxie Rasey Nicoll Court Case Preparation and Review Branch 4 Office of Disability Adjudication and Review Social Security Administration ("Rasey Decl."), DE [15-1], Ex. 1. In an October 15, 2003 Notice of Decision,

1

Plaintiff's application for disability insurance benefits was approved in a "Fully Favorable" decision. *Id.* Accordingly, Administrative Law Judge Joseph Halpern held that Caravella was "entitled to a period of disability commencing February 2, 2002, and to Disability Insurance Benefits under sections 216(i) and 223, respectively, of the Social Security Act." *Id.*

On June 26, 2008, the SSA informed Plaintiff that it had "information about [his] earnings that could affect [his] Social Security disability payments." *Id.* at Ex. 2. The SSA requested that Plaintiff provide additional information, including a signed statement regarding work and earnings and a Social Security Administration Earnings Record. *Id.* On July 21, 2008, the SSA determined that Plaintiff was no longer eligible to receive disability payments beginning in March 2007 "due to alleged completion of a 'trial work period' in December, 2006." *Id.* at Ex. 3; *see also* Compl. ¶ 8. As Plaintiff had continued to receive disability insurance benefits until July 2008, the SSA demanded that Plaintiff repay sixteen thousand, six hundred and ninety-six dollars ($16,696.00) as "an alleged 'overpayment' of benefits." Compl. ¶ 9.

In an August 11, 2008 Request for Waiver of Overpayment Recovery or Change in Repayment Rate (the "Waiver Request"), Plaintiff requested that the SSA's overpayment demand be waived on the grounds that he was neither at fault for the overpayment nor able to afford repayment thereof. *Id.* at Ex. A. On September 15, 2008, the SSA denied Plaintiff's Waiver Request, and, on December 30, 2008, Plaintiff requested a hearing before an Administrative Law Judge. *See* Rasey Decl. Exs. 3-6. On September 10, 2009, a hearing was held before Administrative Law Judge Seymour Rayner (the "ALJ"), at which Plaintiff appeared with counsel. *Id.* In a September 29, 2009 Notice of Decision (the "Waiver Request Denial"), the ALJ denied Plaintiff's Waiver Request, holding, *inter alia*, that Plaintiff "was not without fault in causing and accepting the overpayment," and that "[r]ecovery of the overpayment is not waived." Compl. Ex.

C. Plaintiff sought review of the Waiver Request Denial from the Social Security Administration's Appeals Council (the "Appeals Council"), and, in an April 27, 2011 Notice of Appeals Council Action, the Appeals Council wrote that it "found no reason under [its] rules to review the Administrative Law Judge's decision," informing Plaintiff that "the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security." *Id.* at Ex. D.

On July 5, 2011, Caravella commenced an action in this Court seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) (the "First Action"). *See Caravella v. Comm'r of Soc. Sec.*, No. 11-CV-3192 (E.D.N.Y. July 5, 2011), DE [1]. On February 1, 2012, Plaintiff filed a motion for judgment on the pleadings, and the Commissioner filed a motion to remand Plaintiff's First Action to the ALJ for further administrative proceedings. DE [15]. In moving to remand, the Commissioner argued, *inter alia*, that the ALJ "did not apply the correct legal standards in finding that plaintiff . . . was not without fault in accepting an overpayment of Title II benefits to which he was not entitled . . . ." DE [16] at 1. The Commissioner further argued that "the record [did] not compel solely the finding that the overpayment should be waived, and remand for further administrative proceedings is appropriate." *Id.* In an October 19, 2012 Memorandum and Order (the "Remand Order"), the Court denied Plaintiff's motion for judgment on the pleadings and granted the Commissioner's motion to remand the First Action for further administrative proceedings. *See Caravella v. Comm'r of Soc. Sec.*, No. 11-CV-3192, 2012 WL 5289581, at *2 (E.D.N.Y. Oct. 19, 2012). Specifically, the Court instructed that, on remand:

> the Commissioner shall: (1) explain his determination as to plaintiff's fault with sufficient specificity for the Court to review whether the determination is supported by substantial evidence and whether the correct legal standard was applied; (2) make specific findings as to whether plaintiff's age, intelligence, education, and medical condition are relevant to the determination of plaintiff's fault; (3) make specific findings as to plaintiff's credibility, if relevant to the determination of

3

plaintiff's fault; and (4) make specific findings as to whether plaintiff is able to repay, if plaintiff is found to have been not without fault.

*Id.* On October 23, 2012, the Clerk of the Court entered judgment in Defendant's favor and closed the First Action. *Id.*

### 2. Remand Proceedings

In a February 8, 2013 Order of Appeals Council, the Appeals Council remanded the First Action to the ALJ for further administrative proceedings. *See* Rasey Decl. Ex. 9. The Appeals Council wrote that the "Administrative Law Judge failed to assess the claimant's credibility in accordance with the Second Circuit requirements." *Id.* Therefore, the Appeals Council instructed that, "[u]pon remand, the Administrative Law Judge will explain his determination as to the claimant's fault with sufficient specificity for the Court to review whether the determination is supported by substantial evidence and whether the correct legal standard was applied." *Id.* The Appeals Council further wrote that, upon remand, "the Administrative Law Judge will offer the claimant the opportunity for a hearing, address the evidence which was submitted to the Appeals Council, take any further action needed to complete the administrative record, and issue a new decision." *Id.*

On March 26, 2013, the ALJ requested additional documentation from Plaintiff, including: (i) bank statements from 2011 and 2012; (ii) his wife's bank statements; (iii) his tax returns for 2010 and 2011; (iv) itemized expenses for the months of November 2011 and February 2012; and (v) current medical reports and medical residual function reports. *Id.* at Ex. 14. On April 22, 2013, Plaintiff acknowledged receipt of the ALJ's requests for information, but wrote that "new evidence from [him], at this time, is not relevant to this order." *Id.* According to Caravella, the ALJ was "not requested to start over from scratch," but rather, was "requested to review his findings based on a corrected record and make a new judgment." *Id.* On May 1, 2013, the ALJ sent a second

4

request for additional documentation, writing that the records were "material to the issues of capability of repayment." *Id.*  Caravella did not provide the requested documentation.

In an April 11, 2013 Notice of Hearing, the SSA informed Plaintiff that a hearing before the ALJ had been scheduled for July 16, 2013. *Id.* at Ex. 10.  The SSA further informed Plaintiff that if he failed to appear at the hearing without just cause, his "request for a hearing may be dismissed." *Id.*  Plaintiff failed to appear at the July 16, 2013 hearing, and, on July 17, 2013, the ALJ issued a Notice to Show Cause for Failure to Appear in which the ALJ wrote, "you must send us a written statement with a good reason why you did not appear at the time set for the hearing." *Id.* at Ex. 11.  In a July 19, 2013 letter to the ALJ, Caravella wrote that he "did not request a hearing for [his] case," and that the Court "ordered the Social Security Administration to correct errors made in this case and issue a new decision based on the corrected record." *Id.* at Ex. 12.  According to Plaintiff, his "attendance at the hearing was optional" and he had "every intention of attending until Judge Rayner demanded discovery . . . ." *Id.*  In an August 28, 2013 Notice of Dismissal (the "Dismissal Order"), the SSA informed Plaintiff that it was "dismissing [his] request for a hearing." *Id.* at Ex. 13.  The ALJ wrote that he had "considered the factors set forth in 20 CFR 404.957(b)(2) and [found] that there [was] no good cause for the claimant's failure to appear at the time and place of the hearing." *Id.*  Accordingly, the ALJ wrote that Plaintiff's "request for hearing dated December 30, 2008 [was] dismissed and the determination dated April 11, 2013 remain[ed] in effect." *Id.*

On October 21, 2013, Plaintiff requested that the Appeals Council review the Dismissal Order.  *Id.* at Ex. 14.  In an April 4, 2014 Notice of Appeals Council Action, the Appeals Council wrote that it "found no reason under [its] rules to review the Administrative Law Judge's dismissal." *Id.*  Therefore, the Appeals Council "denied [Plaintiff's] request for review." *Id.*

5

### B. The Instant Action

On June 9, 2014, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's dismissal of his claim. DE [1]. According to Plaintiff, the ALJ "did not follow the previous order of the District Court," but rather, "he requested additional information and scheduled a new hearing," which was neither "mentioned [n]or directed in the order." Compl. ¶ 22. Accordingly, Caravella requests that the Court reopen the First Action and "modify the decision of the defendant to grant monthly maximum insurance and/or Supplemental Security Income benefits to the plaintiff, retroactive to the date plaintiff was deemed no longer eligible and through July of 2011, plus interest and the cost of the[] two cases." *Id.* On March 30, 2015, Defendant filed the instant motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1). DE [14]. According to Defendant, this Court lacks subject matter jurisdiction over Plaintiff's claim because "there was no 'final decision' of the Commissioner made after a hearing required to obtain judicial review under 42 U.S.C. § 405(g)." *See* Memorandum of Law in Support of the Defendant's Motion to Dismiss ("Def.'s Mem."), DE [15], at 1. In opposition to the instant motion, Plaintiff argues, *inter alia,* that "[a] hearing was offered to [him], but [he] decided not to attend the hearing." *See* Plaintiff's Opposition Memorandum ("Pl.'s Opp'n"), DE [16], at 1. According to Caravella, he "had the 'opportunity' to attend, but it was not required or mandatory for [him] to attend." *Id.* at 2.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Pinchasow v. United States*, 408 F. Supp. 2d 138, 141 (E.D.N.Y. 2006); *see also Manway Constr. Co., Inc. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)

(holding that "dismissal is mandatory" where a court lacks subject matter jurisdiction). In deciding a Rule 12(b)(1) motion, the court "must accept as true all material factual allegations in the complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 449 (S.D.N.Y. 2001). On a motion to dismiss for lack of subject matter jurisdiction, "the Court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question." *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 231-32 (E.D.N.Y. 2003). The party advocating for subject matter jurisdiction "must show by a preponderance of the evidence that subject matter jurisdiction exists." *Lifrak v. New York City Council*, 389 F. Supp. 2d 500, 502 (S.D.N.Y. 2005).

### III.  DISCUSSION

Pursuant to 42 U.S.C. § 405, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States . . . ." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."). It is well established that "an individual must obtain a 'final decision of the commissioner' before a federal court can review Social Security benefit determinations." *Iwachiw v. Massanari*, 125 F. App'x 330, 331 (2d Cir. 2005). Relevant here, courts have held that the dismissal of a hearing request for a failure to appear at the hearing is not a final decision of the Commissioner, and is therefore not reviewable pursuant to 42 U.S.C. § 405.  *See, e.g., Lesane v. Apfel*, No. 98-CV-4738, 1999 WL 1288940, at *2

7

(E.D.N.Y. Nov. 17, 1999); *see also Garcia v. Comm'r of Soc. Sec.*, No. 15 Civ. 6100, 2017 WL 946295, at *2 (S.D.N.Y. Mar. 9, 2017) ("[I]f a request for a hearing is dismissed because the claimant failed to attend the hearing without showing good cause for his absence, the initial disability determination made by the SSA becomes a binding decision, but it is not considered a 'final decision' pursuant to 42 U.S.C. § 405(g), such that it may be challenged in the district court."); *Milazzo ex rel. Rodriguez v. Barnhart*, No. 05 Civ. 9218, 2006 WL 2161781, at *1 (S.D.N.Y. Aug. 1, 2006) ("Dismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g).").

Applying these standards, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted. Upon remand from the Appeals Council, the ALJ scheduled a hearing for July 16, 2013 to further develop the record, informing Plaintiff that a failure to appear would result in the dismissal of his claim. *See* Rasey Decl. Ex. 10. When Plaintiff subsequently failed to appear at the July 16, 2013 hearing, the ALJ dismissed his claim. *Id.* at Ex. 13. As the ALJ dismissed Plaintiff's claim for failure to appear at the hearing, it was not a final decision for purposes of 42 U.S.C. § 405(g), and it is therefore not subject to judicial review by this Court. *See Milazzo*, 2006 WL 2161781, at *1-2; *Lesane*, 1999 WL 1288940, at *2-3 (holding that the court could not review the ALJ's dismissal where the claimant did not appear for the hearing); *see also Moses v. Colvin*, No. 13 Civ. 2041, 2013 WL 5663071, at *3 (S.D.N.Y. Oct. 17, 2013) ("[B]ecause [the plaintiff's] claim is based on the dismissal of his request for a hearing after he failed to appear, and not the outcome of a merits-based hearing, it is not a 'final decision' under § 405(g) that is subject to review by this court."); *Katsoulakis v. Astrue*, No. 10-CV-81, 2011 WL 3877080, at *4 (E.D.N.Y. Aug. 31, 2011) ("[T]here is no final decision for review by this Court because a hearing was not

held."); *Saldana v. Astrue*, No. 07 Civ. 5893, 2008 WL 534762, at *2 (S.D.N.Y. Feb. 25, 2008) ("[F]ailure to appear at [a] hearing [means] this Court lacks jurisdiction over the action.").

Furthermore, although dismissal for lack of subject matter jurisdiction may be avoided where the plaintiff "presents a colorable constitutional claim," Caravella fails to do so here. *See Guerra v. Comm'r of Soc. Sec.*, No. 12 Civ. 6750, 2013 WL 3481284, at *3-4 (S.D.N.Y. July 1, 2013); *see also Hatcher v. Barnhart*, No. 06-CV-999, 2006 WL 3196849, at *3 (E.D.N.Y. Nov. 4, 2006) (observing "an exception for the exercise of subject matter jurisdiction pursuant to § 405(g) over 'colorable constitutional claims' relating to an agency decision, because '[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions'") (quoting *Califano v. Sanders*, 430 U.S. 99, 109, 97 S. Ct. 980, 986 (1977)). Courts in the Second Circuit have held that a plaintiff presents a colorable constitutional claim where, *inter alia*, the "SSA fail[s] to comply with its own procedures in considering [the plaintiff's] claim" or if the plaintiff "did not receive notice . . . suggest[ing] good cause for having failed to appear" at a hearing. *Guerra*, 2013 WL 3481284, at *4. As discussed above, the SSA regulations permit an ALJ to "dismiss a claimant's request for a hearing if he '[does not] appear[] at the time and place set for the hearing . . . and good cause has not been found by the [ALJ] for [his] failure to appear,' or if '[the claimant does not] give a good reason for the failure to appear' in response to a notice from the ALJ 'asking why [he] did not appear.'" *Moses*, 2013 WL 5663071, at *3 (quoting 20 C.F.R. § 416.1457(b)(1)). Caravella does not dispute that he failed to appear for the July 16, 2013 hearing, but rather, he argues that "the hearing was something that [he] had the 'opportunity' to attend, but it was not required or mandatory for [him] to attend." Pl.'s Opp'n at 3. According to Plaintiff, the ALJ was "supposed to work with the materials from the hearing that had already been held and fix things from there."

9

*Id.* However, as the Appeals Council remanded Plaintiff's claim to the ALJ for further administrative proceedings, including taking "any further action needed to complete the administrative record and issue a new decision," *see* Compl. Ex. H, and because Plaintiff was advised that his failure to appear at the July 16, 2013 hearing would result in the dismissal of his claim, the ALJ acted within his discretion when he dismissed Plaintiff's request for a hearing for failure to appear at the July 16, 2013 hearing. *See Guerra*, 2013 WL 3481284, at *4 (holding that the plaintiff did not present a colorable constitutional claim where she did not "challenge the SSA's policies or regulations, argue that the SSA failed to comply with its own procedures in considering her claim for benefits, or offer any reason that she did not receive the notice—such as an incorrect address or problems with her mail service—that might suggest good cause for having failed to appear"); *Katsoulakis*, 2011 WL 3877080, at *4 (holding that the plaintiff did not raise a colorable constitutional claim where she was properly advised of her rights, as "the Notice of Hearing sent to plaintiff indicated that failure to appear without good cause could result in dismissal of the hearing request"). Therefore, the ALJ's dismissal of Plaintiff's claim was not a final decision subject to judicial review by this Court.

Based upon the foregoing, the Court lacks subject matter jurisdiction over Plaintiff's claim. Therefore, Defendant's motion to dismiss Caravella's Complaint is granted.

## IV. CONCLUSION

For the reasons set forth herein, Defendant's motion to dismiss Plaintiff's Complaint is granted. The Clerk of the Court is directed to enter judgment in favor of Defendant and to close this case.

Dated: Central Islip, New York
      September 26, 2017

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

10